Youssef H. Hammoud (SBN:321934)
**THE CREDIT ATTORNEY, INC.**
601 N. Parkcenter Dr., Suite 202
Santa Ana, CA 92705
T: 949-301-9692
F: 949-301-9693
E: yhammoud@thecreditattorney.com

*Attorney for Plaintiff,*
*Ali Almouazzen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ALMOUAZZEN,<br><br>　　　　Plaintiff,<br>　vs.<br><br>BANK OF AMERICA, N.A.<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATION OF:**<br><br>1. **ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693, et. seq.** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Ali Almouazzen ("Plaintiff"), through his attorney, alleges the following against Bank of America ("Defendant" or "BANA") for violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, et. seq.

## INTRODUCTION

1.　The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15

U.S.C. § 1693(b). EFTA's "primary objection...is the provision of individual consumer rights." *Id*. Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id*., at 1693d- 1.

4. ALI ALMOUAZZEN ("Plaintiff"), by Plaintiff's attorney, brings this action to challenge the actions of BANK OF AMERICA, NATIONAL ASSOCIATION ("Defendant" or "BANA") with regard to an unauthorized electronic funds transfer.

5. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

7. As a result of Defendant's violations of the EFTA, Plaintiff has suffered a range of actual damages including, without limitation, loss of time and money; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

10. Plaintiff, Ali Almouazzen, is natural person residing in Rancho Cucamonga, California.

2. Plaintiff is a natural person who resides in San Bernardino County, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1693a(6).

12. Defendant routinely engages in the practice of electronic fund transfers as defined by 15 U.S.C. 1693a(7).

13. Defendant is a "financial institution" as defined by 15 U.S.C. 1693a(9).

14. Defendant is a corporation doing business in the County of San Bernardino, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j). Defendant can be served through its agent for service of process, CT Corporation System, located at 330 N. Brand Blvd., Glendale, CA 91203.

## FACTUAL ALLEGATIONS

15. On or about December 15, 2024, Plaintiff flew to Michigan.

16. Shortly after arriving, Plaintiff received an alert from Bank of America that his account balance had fallen below $100.

17. Concerned, Plaintiff contacted his brother to ask whether he or their mother had made any transactions from the account. Both confirmed they had not.

18. Plaintiff's father was out of the country at the time and could not have made any transactions.

19. Plaintiff contacted BANA and filed a fraud claim concerning a $1,400 unauthorized withdrawal.

20. During the call, Plaintiff informed BANA that he had just arrived in Michigan and was out of state at the time of the transaction.

21. BANA began an investigation and advised Plaintiff that a 10-day review period would follow.

22. BANA did not ask Plaintiff any questions beyond basic identity verification.

13. On or about December 16, 2024, Plaintiff received another notification from BANA that a $1,255.00 check had been deposited at an ATM.

- 4 -

COMPLAINT AND DEMAND FOR JURY TRIAL

14. Plaintiff immediately attempted to file a second fraud claim with BANA but was told after 40 minutes and speaking with three representatives that he had to wait until the hold on the check cleared.

15. On the same day, Plaintiff's brother and mother visited a BANA branch to report the fraudulent activity in person.

16. BANA's bank personnel informed them they could not help and directed them to call customer service.

17. Around December 21, 2024, Plaintiff received a notification that the hold on the $1,255 check had been released and funds deposited into his account.

18. Despite having access to the $1,255 funds, Plaintiff never withdrew, spent or used the funds that were fraudulently deposited into his account.

17. On or about December 26, Plaintiff received notice from BANA that they were still investigating the original $1,400 fraud claim and that they would provisionally credit his account.

18. At this time, Plaintiff's account showed both the $1,400 provisional credit and the $1,255 check deposit.

19. On or about January 6, 2025, Plaintiff received a letter from BANA including images from the ATM surveillance relating to the two fraudulent transactions.

COMPLAINT AND DEMAND FOR JURY TRIAL

20. Plaintiff does not know and has never seen the individuals pictured in the images.

21. The individuals in the images do not resemble Plaintiff in any way.

22. On or about January 9, 2025, Plaintiff received another letter from BANA stating that the check deposited on December 16, 2024 was determined to be forged.

21. After Plaintiff returned from Michigan, Plaintiff and his mother visited a BANA branch to show them the ATM surveillance images and confirm that neither of them appeared in the images.

22. A banker advised Plaintiff to contact the fraud department directly and instructed him to remain calm and request to speak to a supervisor to increase his chances of getting a positive resolution.

24. During the subsequent call with BANA, Plaintiff was provided a new claim number and instructed to fax the supporting documentation with the claim number attached.

25. Plaintiff subsequently faxed a letter to BANA indicating that he was in Michigan while the fraudulent transactions took place, that he has no connection to the pictured individuals provided by BANA and the only people with access to his account were not involved in the fraudulent and unauthorized transactions.

26. In support of his letter, Plaintiff provided a copy of his itinerary to Michigan from Delta Air Lines.

25. On or about February 7, 2025, Plaintiff received a letter from BANA containing a check representing the remaining funds in his account after BANA closed his account.

26. On or about February 18, 2025, BANA sent Plaintiff a letter indicating it was unable to approve his claim because it determined "[t]he charge was authorized by you or made by someone who has permission to use the card or account."

27. As a result of Defendant's conduct, action, and inaction, Plaintiff has suffered from emotional distress and mental pain and anguish, including but not limited to, stress, anxiety, headaches, sleepless nights, embarrassment, and frustration.

28. In addition, Plaintiff has suffered actual damages, including the loss of funds wrongfully withdrawn from his account.

29. Defendant's failure to timely investigate the unauthorized transactions, to provide a good faith resolution, and to credit Plaintiff's account as required by law has caused significant personal and financial harm.

## COUNT I
## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT
### 15 U.S.C. § 1693, ET SEQ. (EFTA)

COMPLAINT AND DEMAND FOR JURY TRIAL

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendant violated the EFTA, including but not limited to 15 U.S.C. § 1693f, by failing to investigate and resolve Plaintiff's timely notice of error regarding unauthorized electronic fund transfers.

32. Plaintiff notified Defendant about the unauthorized transfer(s).

33. Defendant failed to conduct a reasonable investigation and failed to resolve the dispute within the timelines required by the statute.

34. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

35. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); treble damages and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

a. An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) for Plaintiff;

b. An award of treble damages pursuant to 15 U.S.C. § 1693f;

c. An award of statutory damages of in an amount of $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff;

d. An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);

e. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for its malicious conduct, pursuant to Cal. Civ. Code § 3294(a);

f. Awarding Plaintiff any pre-judgment and post judgment interest as may be allowed under the law; and

g. Any and all other relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully Submitted,

Dated: June 18, 2025

THE CREDIT ATTORNEY, INC.

/s/*Youssef H. Hammoud*
Youssef H. Hammoud, (SBN #321934)
601 N. Parkcenter Dr., Suite 202
Santa Ana, CA 92705
T: (949) 301-9692
F: (949) 301-9693
E: yhammoud@thecreditattorney.com

*Attorney for Plaintiff,*
*Ali Almouazzen*